Verified Correct Copy of Original 4/3/2026.

FILED MULTNOMAH CO CIRCUIT CT
'26 APR 3 AM 11:17

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| T.M. and J.M., proceeding under pseudonyms,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF OREGON, by and through the Oregon Youth Authority; SCOTT J. SCRABECK; KAREN BRAZEAU; ROBERT JESTER; and CHRIS DUVAL,<br><br>Defendants. | Case No. 26CV15969<br><br>COMPLAINT<br><br>Civil Rights Violations of the 8th and 14th Amendments – 42 U.S.C. § 1983; Negligence; Sexual Battery – *Respondeat Superior*<br><br>JURY TRIAL DEMANDED<br><br>Not Subject to Mandatory Arbitration<br><br>Filing Fee: ORS 21.160(1)(e)<br><br>Amount Prayed For: $10,200,000 |

**NATURE OF ACTION**

1.

At all times material, Plaintiffs were female juveniles adjudicated or convicted in various counties across Oregon and ultimately committed to the care and custody of the Oregon Youth Authority ("OYA"). OYA's stated purpose is in part to "provide youth with treatment, education, and other guidance to help them take responsibility for their behavior" and "do so in safe,

Page 1 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 1 of 29

_Verified Correct Copy of Original 4/3/2026._

supportive environments that will help them become responsible, community-minded citizens."[1] OYA placed each of the Plaintiffs at the Hillcrest Youth Correctional Facility in Salem, Oregon ("Hillcrest") at some point during their confinement. While housed at Hillcrest, Plaintiffs were sexually abused by Defendant Scott J. Scrabeck ("Scrabeck"), a correctional officer at Hillcrest. The sexual abuse of Plaintiffs occurred between approximately 2001 and 2006 and included, *inter alia*, skin-on-skin groping Plaintiffs' vagina, breasts, and buttocks; forced masturbation by Plaintiffs of Scrabeck; Scrabeck digitally penetrating Plaintiffs' vagina; Scrabeck masturbating himself while watching Plaintiffs, including while Plaintiffs were in the shower; Scrabeck forcing Plaintiffs to engage in oral sex; and sexualized commentary from Scrabeck directed to Plaintiffs—all for Scrabeck's sexual gratification. On information and belief, Scrabeck's sexual abuse of children at Hillcrest was known among Hillcrest youths and staff.

## PARTIES

2.

Plaintiffs were at all relevant times residents of the State of Oregon and in the custody of OYA as adjudicated youths. Furthermore, all Plaintiffs are proceeding under pseudonyms because of the sensitive and embarrassing nature of the allegations contained herein. Moreover, revealing their identities as survivors of childhood sexual abuse would subject Plaintiffs and their families to humiliation, embarrassment, and emotional distress. Plaintiffs will be filing a motion to proceed under pseudonyms concurrently with this complaint, and their identities will be promptly provided to counsel for Defendants, subject to reasonable assurances of confidentiality.

///

---

[1] *About Oregon Youth Authority*, https://www.oregon.gov/oya/aboutoya/pages/default.aspx (last visited Feb. 13, 2025)

Page 2 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 2 of 29

3.

Plaintiff T.M. is a 38-year-old female resident of the State of California. At all times relevant to the wrongful conduct complained of herein, Plaintiff T.M. was in the legal and physical custody of OYA.

4.

Plaintiff J.M. is a 39-year-old female resident of the State of Oregon. At all times relevant to the wrongful conduct complained of herein, Plaintiff J.M. was in the legal and physical custody of OYA.

5.

The OYA is a duly authorized agency of Defendant State of Oregon. OYA operates facilities across Oregon where youth offenders are housed and treated, including Hillcrest, while it was still operating. Under the Oregon Tort Claims Act, OYA is subject to liability for the torts of its officers, employees, and agents acting within the scope of their employment or duties.

6.

At all times material, Defendant SCOTT J. SCRABECK was acting under color of state law. All conduct alleged below occurred within the scope of his employment with OYA or resulted from acts within the scope of that employment.

7.

Defendant KAREN BRAZEAU was the Director of OYA from 2001 through 2004. As the Director of OYA, she was employed by OYA, a state administrative agency, and acting under color of state law. All conduct alleged below occurred within the scope of the Director's employment with OYA. Defendant Brazeau is sued in her individual capacity.

///

Page 3 – COMPLAINT

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI ATTORNEYS
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 3 of 29

_Verified Correct Copy of Original 4/3/2026._

Verified Correct Copy of Original 4/3/2026.

8.

Defendant ROBERT JESTER was the Director of OYA from 2004 through 2008. As the Director of OYA, he was employed by OYA, a state administrative agency, and acting under color of state law. All conduct alleged below occurred within the scope of the Director's employment with OYA. Defendant Jester is sued in his individual capacity

9.

All the individual Defendant directors listed above will be collectively referred to as "Directors."

10.

Based on information and belief, Defendant CHRIS DUVAL was the Superintendent of Hillcrest Youth Correctional Facility from 1996-2006. At all relevant times, Defendant Duval was employed by OYA as superintendent of the Hillcrest facility and acting under the color of state law. All conduct alleged below occurred within the scope of the Superintendent's employment with the OYA. Defendant Duval is sued in his individual capacity.

11.

The individual Defendant superintendent listed above will be referred to as "Superintendent."

12.

At all times material, Defendant SCOTT J. SCRABECK was employed by OYA, a state administrative agency, and acting under the color of state law. All conduct alleged below occurred within the scope of his employment with the OYA or resulted from acts within the scope of that employment. Defendant Scrabeck is sued in his individual capacity.

///

Page 4 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 4 of 29

_Verified Correct Copy of Original 4/3/2026._

13.

Directors, Superintendent, and Defendant Scrabeck are hereafter referred to collectively as "Individual Defendants."

14.

Defendant Scrabeck, as discussed below, engaged in intentional conduct resulting in one or more of the following: mental injury, rape, sexual assault, and/or sexual exploitation of Plaintiffs as those terms are defined in ORS 12.117.

**OYA'S CULTURE OF SILENCE AROUND SEXUAL ABUSE**

15.

Youth are committed to OYA's legal and physical custody by county juvenile courts. OYA serves adjudicated youth between the ages of 12 and 25. OYA's youth correctional facilities include Eastern Oregon Youth Correctional Facility, MacLaren Youth Correctional Facility, Oak Creek Youth Correctional Facility, Rogue Valley Youth Correctional Facility, Tillamook Youth Correctional Facility, Northern Oregon Regional Corrections, and Hillcrest, which is now closed.

16.

In addition to youth correctional facilities, OYA also operates transition programs. These transition facilities include Camp Florence Youth Transitional Facility, Riverbend, Camp Tillamook Youth Transitional Facility, and Jackie Winters Youth Transition Program.

///

///

///

///

Page 5 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone· (503) 306-0224

Exhibit 1
Page 5 of 29

_Verified Correct Copy of Original 4/3/2026._

17.

"With a goal of being a national leader," OYA boasts that it quickly began implementing the standards set out by the federal 2003 Prison Rape Elimination Act ("PREA").[2] The PREA created federal standards for preventing, detecting, monitoring, and responding to sexual abuse in both adult and juvenile custody settings. On information and belief, the passage of the PREA in 2003 followed an extended period of more localized awareness (including within OYA) of a sustained and systemic problem of sexual abuse of adjudicated youth in youth correctional facilities.

18.

Since 2005, OYA claims that it is committed to "a zero-tolerance policy towards sexual and other threats of harm" as part of its implementation of the PREA.[3] To that end, OYA created a Professional Standards Office ("PSO") to supposedly document, track, and investigate allegations of abuse. Staff were also required to report any knowledge, suspicion, or youth reports (verbal or written) of abuse or harassment. This included establishing (a) an OYA toll-free hotline that adjudicated youth could call to report sexual abuse and (b) a PREA compliance manager for each facility. Prior to establishment of the PSO, there was little to no OYA process or policy concerning the monitoring, reporting, investigation, and tracking of sexual abuse committed by OYA personnel against juveniles in OYA's custody and control.

///

///

---

[2] Oregon Youth Authority Issue Brief: Protecting Youth Offenders from Sexual Victimization (February 2011).
[3] *Id*

Page 6 – COMPLAINT

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI ATTORNEYS
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 6 of 29

Verified Correct Copy of Original 4/3/2026.

19.

Despite this alleged implementation, OYA has a long history of ignoring reports of staff sexually abusing youth in its facilities, thereby fostering an environment where unchecked sexual abuse could thrive and perpetrators were shielded, unbeknownst to adjudicated youth. This environment stems from OYA failing to timely and thoroughly investigate the large backlog of reports of abuse within its facilities, failing to properly train staff, failing to report known incidents of sexual abuse to external investigative agencies, and failing to implement policies that would protect youth from sexual abuse by staff.

20.

Recently, OYA's systemic failures have been exposed through a series of lawsuits alleging unchecked sexual abuse by OYA staff and media coverage of OYA's lengthy backlog of complaints of sexual abuse that have gone uninvestigated and unaddressed.

**OFFICER SCRABECK'S PATTERN OF ABUSE OF OYA YOUTH**

21.

At all relevant times, Scrabeck was employed or otherwise working on behalf of OYA as a corrections officer at Hillcrest. Scrabeck would offer treats and awards to incarcerated youths, including Plaintiffs, as a means of grooming them. Additionally, he would threaten to take away certain privileges, such as family visits, unless they engaged in certain sexual acts or to ensure they would not report his inappropriate behavior.

22.

Multiple adjudicated youths reported Scrabeck to staff at Hillcrest, but nothing was done.

///

///

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone· (503) 641-6000

CREW JANCI ATTORNEYS
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 7 of 29

Verified Correct Copy of Original 4/3/2026.

23.

OYA empowered Scrabeck to perform the duties of a correction officer, including the authority to discipline juveniles, implement physical supervision, and ensure rule enforcement. Scrabeck's position as a corrections officer created a significant power imbalance between him and the incarcerated youth he oversaw. OYA knew that Scrabeck was in a position of authority, power, and trust over adjudicated youth, including Plaintiffs. OYA retained the right to control the means and methods used by Scrabeck. It was during the exercise of these duties and authority on behalf of OYA that Scrabeck abused Plaintiffs.

24.

In addition, or in the alternative, OYA caused Plaintiffs to believe that OYA consented to Scrabeck acting on OYA's behalf. Plaintiffs reasonably relied upon this belief. Scrabeck's employment and service on behalf of OYA made him an agent and/or apparent agent of OYA.

**ABUSE OF T.M.**

25.

Plaintiffs reallege and incorporate herein paragraphs 1 through 24.

26.

Plaintiff T.M. is a 38-year-old female. T.M. was placed in Hillcrest in or around 2005. D.R. was abused by Scrabeck more than ten times at or around the age 17.

27.

The sexual abuse included Scrabeck groping T.M.'s breasts and vagina under her clothing, forcing her to masturbate his penis, and forcing her to perform oral sex on him. This abuse occurred in a secluded closet that Scrabeck routinely forced T.M. and his other victims into so that he could sexually abuse them. This abuse of T.M. occurred six or seven times.

Page 8 – COMPLAINT

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI ATTORNEYS
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 8 of 29

Verified Correct Copy of Original 4/3/2026.

Scrabeck would also masturbate while staring at T.M. as she showered. This occurred twelve or more times.

28.

Scrabeck initially groomed T.M. by offering her gifts or letting her stay up late to watch television. Once he gained her trust, Scrabeck began sexually abusing T.M. When T.M. tried to resist Scrabeck's sexual advances, he would threaten to take away her parent visits and phone calls, or to send her to solitary confinement.

29.

While she was held at Hillcrest, T.M. noticed that when other youth would report or complain about staff misconduct, the youth would be punished instead of the staff being disciplined or facing consequences. T.M. never reported Mr. Scrabeck's sexual contact with her to any OYA staff because she thought that it would get her in more trouble or extend her time in Hillcrest. Additionally, she feared Mr. Scrabeck's threats and did not think that anyone would believe her.

30.

Because of the shame and embarrassment she felt about Mr. Scrabeck's sexual contact with her, as well as her mental health and substance abuse struggles, T.M. was confused about whether Mr. Scrabeck's sexual contact with her and did not fully understand that it was sexual abuse or illegal conduct. In response, she buried her experience with Mr. Scrabeck, tried to forget it, and did not tell anyone about it. Within the past two years, T.M. saw news stories of victims bringing lawsuits for sexual abuse they suffered while incarcerated in California. This caused T.M. to remember her experience with Defendant Scrabeck at Hillcrest when she was a minor and realize for the first time that Defendant Scrabeck's sexual contact with her was abusive, unlawful, and an inappropriate misuse of power, and that she had a right to bring an

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI ATTORNEYS
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 9 of 29

action against him. Thereafter, T.M. also realized for the first time that Defendant Scrabeck's sexual abuse was the cause of many of her psychological injuries and substance abuse struggles.

31.

As a direct and proximate cause of Scrabeck's and Defendant OYA's wrongful conduct, T.M. incurred and/or will incur expenses for counseling and psychiatric/psychological treatment of approximately $100,000.

32.

Directly because of Scrabeck's and Defendant OYA's wrongful conduct, T.M. endured significant pain, suffering, and emotional distress. T.M.'s injuries include trust issues and a history of substance use addiction. Her psychological injuries persist to the present and are therefore permanent in nature. Consequently, T.M. has suffered noneconomic damages of $5,000,000, the exact amount to be determined by a jury.

**ABUSE OF J.M.**

33.

Plaintiffs reallege and incorporate herein paragraphs 1 through 32.

34.

Plaintiff J.M. is a 39-year-old female. J.M. was placed in Hillcrest in or around 2001. J.M. was abused by Scrabeck more than fifty times beginning at or around the age of 15.

35.

At least once a week during her time at Hillcrest, Scrabeck abused J.M. by following her into the shower and groping her breasts, buttocks and vagina while masturbating himself. On at least 20 different occasions, Scrabeck also forced J.M. into the secluded closet and groped her

Page 10 – COMPLAINT

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone· (503) 641-6000

CREW JANCI ATTORNEYS
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 10 of 29

Verified Correct Copy of Original 4/3/2026.

Verified Correct Copy of Original 4/3/2026.

breasts, buttocks, and vagina under her clothes, digitally penetrated J.M., and forced J.M. to masturbate or perform oral sex on his penis.

36.

Scrabeck threatened J.M. that if she told anyone about the abuse, he would take away her family visit or phone call privileges. At some point while she was at Hillcrest and before the last instance of abuse, when J.M.'s family was no longer able to visit her, J.M. told a female OYA staff member, who she believed she could trust, about Scrabeck's sexual contact with her. Despite her report, Scrabeck was not disciplined, no safeguards were implemented to protect J.M. and the sexual abuse of J.M. continued. Because she had trusted the staff member she reported to, and nothing had happened as a result of her report, J.M. began to believe that Scrabeck's sexual abuse was her own fault and was a normal form of punishment that she deserved.

37.

Because of the shame and embarrassment she felt about Mr. Scrabeck's sexual contact with her, J.M. buried her experience with Mr. Scrabeck and tried to forget about it. It was not until approximately February 2026 when J.M. read online about other victims of abuse at Hillcrest that she understood for the first time that she was not at fault for Scrabeck's sexual abuse, but that it was unlawful, undeserved and an inappropriate misuse of power. Thereafter, J.M. also realized for the first time that Defendant Scrabeck's sexual abuse was the cause of many of her psychological injuries and struggles.

///

///

///

Page 11 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone· (503) 306-0224

Exhibit 1
Page 11 of 29

Verified Correct Copy of Original 4/3/2026.

38.

As a direct and proximate cause of Defendant OYA's and Scrabeck's wrongful conduct, J.M. incurred and/or will incur expenses for counseling and psychiatric/psychological treatment of approximately $100,000.

39.

Directly because of Defendant OYA's and Scrabeck's wrongful conduct, J.M. endured significant pain, suffering, and emotional distress. These injuries include, struggles with emotional regulation, to have healthy relationships, and trusting men, especially in intimate relationships. Her psychological injuries persist to the present and are therefore permanent in nature. Consequently, J.M. has suffered noneconomic damages of $5,000,000, the exact amount to be determined by a jury.

**DISCOVERY OF HARM**

40.

Plaintiffs reallege and incorporate herein paragraphs 1-39.

41.

Each of Plaintiffs' claims set out herein are timely for one or more of the following reasons:

a. Any limitations periods applicable to Plaintiffs' claims were tolled based on minority;

b. Any limitations periods applicable to Plaintiffs' claims were tolled based on a disabling mental condition;

c. Any limitations periods applicable to Plaintiffs' claims are equitably tolled or Defendants are otherwise equitably estopped from attacking Plaintiffs' claims on timeliness grounds (including, on information and belief, based on Defendant's fraudulent concealment);

Page 12 – COMPLAINT

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI ATTORNEYS
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 12 of 29

Verified Correct Copy of Original 4/3/2026.

d. Less than two years have elapsed since Plaintiffs discovered that the conduct by Defendants OYA, Directors, and Superintendents was negligent or otherwise actionable;

e. Less than two years have elapsed since each Plaintiff discovered the sexual contact by Defendant Scrabeck was wrongful, abusive, and was the cause of their psychological and other injuries;

f. Less than two years have elapsed since Plaintiffs discovered their injuries and the causal role that conduct by Defendants played in their injuries; and

g. Plaintiffs are under 40 years old and therefore their claims are timely under ORS 12.117.

42.

Less than two years before the date of this complaint, Plaintiffs discovered the causal connection between their abuse, the resulting injuries distinct from the abuse itself, and the responsibility of Defendants Scrabeck, OYA, Directors, and Superintendents in causing those injuries. Plaintiffs did not discover (and could not reasonably have discovered) at an earlier time the causal connection between the abuse and the damages suffered as a result of the abuse. The psychological effects of the abuse Plaintiffs suffered prevented them from discovering the causal connection between the abuse and the damages they suffered as a result of the abuse. Plaintiffs' claims are timely pursuant to ORS 12.117.

43.

Notice of claim is not required for claims against OYA by claimants who were under 18 years of age and in OYA custody when the acts or omissions giving rise to the claim occurred. To the extent notice of claim was required against any Defendant under ORS 30.275, Plaintiffs timely provide such notice by the filing of this lawsuit.

///

Page 13 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 13 of 29

Verified Correct Copy of Original 4/3/2026.

## SUPERVISORY LIABILITY

44.

Plaintiffs reallege and incorporate herein paragraphs 1-43.

45.

Directors and Superintendents were employed by the OYA at the time that Defendant Scrabeck sexually abused Plaintiffs. Defendant Directors and Superintendents were aware of OYA's long history of turning a blind eye to reports of staff sexually abusing youth at its facilities. Both failed in their respective supervisory roles to prevent the sexual abuse of Plaintiffs, including the following failures:

a. Failing to investigate reports of abuse properly or at all—as well as suppressing reports of abuse or threatening youth to withdraw their reports of abuse;

b. Failing to refer known incidents to outside investigative agencies;

c. Failing to install sufficient security and monitoring equipment at Hillcrest to deter the abuse of minors;

d. Failing to implement policies and procedures to adequately vet job applicants, particularly for those positions requiring one-on-one interaction with juveniles, for a history of or proclivity to child sex abuse;

e. Failing to implement and enforce policies to adequately supervise OYA staff in their interactions with adjudicated youth to properly prevent child abuse;

f. Failing to train OYA's employees to recognize and properly respond to warning signs and dangers of child abuse and to report any and all signs or reports of sexual abuse;

g. Failing to foster an environment where adjudicated youth feel safe to report abuse; and

h. Facilitating a general culture in which the abuse of juveniles was accepted.

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 14 of 29

Verified Correct Copy of Original 4/3/2026.

46.

The State of Oregon and the OYA are entrusted with the rehabilitation of children adjudged delinquent. When the State imprisons these vulnerable children in detention facilities and thereby removes them from their families and their communities, the State removes their opportunities for self-protection, and the State is instead entrusted with caring for and protecting these completely dependent youth.

47.

Given the vulnerability of the juvenile population housed at OYA facilities, and the OYA's history of a sustained and systemic problem of youth in its custody being targeted for sexual assault, a supervisor exercising a reasonable amount of care would have noticed and protected Plaintiffs from the predatory threat that Defendant Scrabeck presented to them.

48.

By failing to ensure that the policies enacted by their own agency to prevent, investigate, and respond to sexual abuse were followed or enforced, and by ignoring reports that staff were engaging in sexual abuse of youth, Directors consciously disregarded widespread sexual abuse of youth at OYA facilities, thus creating the conditions that allowed Defendant Scrabeck to sexually abuse Plaintiffs. This behavior evinced a deliberate indifference to Plaintiffs' right to be free from coerced sexual contact.

49.

By failing to ensure that OYA's policies to prevent, investigate, and respond to sexual abuse were followed or enforced at Hillcrest, and by ignoring reports that staff were engaging in sexual abuse of youth, Superintendents consciously disregarded widespread sexual abuse of youth at Hillcrest, thus creating the conditions that allowed

Page 15 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone· (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone  (503) 306-0224

Exhibit 1
Page 15 of 29

Verified Correct Copy of Original 4/3/2026.

Defendant Scrabeck to sexually abuse Plaintiffs. This behavior evinced a deliberate indifference to Plaintiffs' right to be free from coerced sexual contact.

## FIRST CLAIM FOR RELIEF

### Negligence under OTCA

(Against State of Oregon)

50.

Plaintiffs reallege and incorporate herein paragraphs 1 through 49.

51.

By taking custody of Plaintiffs and acting *in loco parentis* towards them during the period of their confinement, the State entered into a special relationship with Plaintiffs. At all material times, Defendants were in a special relationship with Plaintiffs by virtue of their statutory obligations to children in their care generally and to Plaintiffs specifically. As their legal and physical guardian and custodian, Defendants owed Plaintiffs a heightened duty of care to provide a safe environment and protect them from abuse and injury while in OYA's care.

52.

Defendants' conduct and care were unreasonably below the applicable standard of care and negligently and unreasonably created a foreseeable risk of harm to Plaintiffs in one or more of the following particulars:

a. In allowing for extended and unmonitored individual interactions between OYA staff— including Scrabeck—and youth;

b. In failing to notice, investigate, or intervene to protect Plaintiffs from Scrabeck's inappropriate and sexual conduct towards Plaintiffs;

c. In failing to properly supervise Scrabeck;

Page 16 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 16 of 29

Verified Correct Copy of Original 4/3/2026.

d.  In failing to properly heed, investigate, or otherwise take any action in response to reports of inappropriate conduct and sexual abuse by Scrabeck;

e.  In failing to report or refer reports of inappropriate conduct and sexual abuse by Scrabeck to external investigative agencies; and

f.  In failing to properly vet, hire, train, and retain qualified personnel, including correction officers.

53.

Defendant OYA's negligence caused Plaintiffs injuries and damages set out herein. As a result of OYA's negligence as alleged above, Plaintiffs suffered the harm and damages alleged herein.

54.

The individual defendants are named herein due to the constitutionally inadequate limitations of former statute ORS 30.270 (repealed in 2009) as applied to this case.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Civil Rights Violation**

(Substantive Due Process – Violation of 14th Amendment)

(Against All Individual Defendants)

55.

Plaintiffs reallege and incorporate herein paragraphs 1 through 54.

56.

Scrabeck was working within the course and scope of his employment at the OYA when they engaged in the wrongful conduct alleged above.

///

Page 17 – COMPLAINT

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI ATTORNEYS
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 17 of 29

Verified Correct Copy of Original 4/3/2026.

57.

Scrabeck was working as a staff member or employee of a youth correctional facility.

58.

Scrabeck was acting under color of state law.

59.

Plaintiffs were confined in OYA facilities as adjudicated youths at the time they were abused by Scrabeck as alleged above.

60.

Scrabeck touched Plaintiffs in a sexual manner without legitimate penological or medical justification or purpose. Scrabeck touched Plaintiffs in a sexual manner that was not reasonably related to any legitimate government objective.

61.

Scrabeck acted for his own sexual gratification.

62.

Scrabeck's repeated sexual abuse of Plaintiffs constituted a substantial departure from professional judgment, practice, or standards.

63.

Scrabeck failed to provide for Plaintiffs' reasonable safety while confined in OYA facilities by repeatedly engaging in coerced sexual conduct with Plaintiffs.

64.

Through the failures outlined above, the Directors and Superintendents created the conditions at Hillcrest under which Scrabeck's sexual contact with Plaintiffs was possible.

///

Page 18 – COMPLAINT

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI ATTORNEYS
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 18 of 29

Verified Correct Copy of Original 4/3/2026.

65.

Those conditions put Plaintiffs at substantial risk of suffering serious harm, namely the risk that Plaintiffs would be sexually abused by OYA staff or employees.

66.

The Directors and Superintendents failed to take reasonable available measures to abate the risk that Plaintiffs would be sexually abused by a staff member while confined at Hillcrest.

67.

The Directors and Superintendents, in failing to act to protect Plaintiffs from sexual abuse by Scrabeck, failed to provide for Plaintiffs' reasonable safety.

68.

The Directors' and Superintendents' failure to take reasonable available measures, as alleged above, constituted a substantial departure from professional judgment, practice, or standards.

69.

In so doing, given the history at OYA, the Directors and Superintendents evinced deliberate indifference to Plaintiffs' right to be free from coerced sexual contact with Scrabeck.

70.

No Defendants took reasonable, appropriate, and legally mandated steps to stop sexual abuse from occurring.

71.

Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover reasonable and necessary attorney fees and costs incurred in the prosecution of this action.

///

Page 19 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 19 of 29

Verified Correct Copy of Original 4/3/2026.

## THIRD CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Civil Rights Violation

(Failure to Protect – Violation of 8th Amendment)

(Against All Individual Defendants, not including Scrabeck)

72.

Plaintiffs reallege and incorporate herein paragraphs 1 through 71.

73.

Scrabeck was working within the course and scope of his employment at the OYA when he engaged in the wrongful conduct alleged above.

74.

Scrabeck was working as a staff member of a youth correctional facility.

75.

Scrabeck was acting under color of state law.

76.

Plaintiffs were confined to Hillcrest as adjudicated youth at the time they were sexually abused as alleged above.

77.

Scrabeck touched Plaintiffs in a sexual manner without penological or medical justification or purpose.

78.

Scrabeck acted for his own sexual gratification.

///

///

Page 20 – COMPLAINT

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI ATTORNEYS
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone. (503) 306-0224

Exhibit 1
Page 20 of 29

Verified Correct Copy of Original 4/3/2026.

79.

Scrabeck's sexual abuse of Plaintiffs constituted a substantial departure from professional judgment, practice, or standards.

80.

Scrabeck failed to provide for Plaintiffs' reasonable safety while confined in OYA facilities by repeatedly engaging in coerced sexual conduct with Plaintiffs.

81.

Through the failures outlined above, the Directors and Superintendents created the conditions at Hillcrest under which Scrabeck's sexual contact with Plaintiffs was possible.

82.

Those conditions put Plaintiffs at substantial risk of suffering serious harm, namely, the risk that Plaintiffs would be sexually abused by OYA staff or employees.

83.

The Directors and Superintendents failed to take reasonable available measures to abate the risk that Plaintiffs would be sexually abused by a staff member while confined at Hillcrest.

84.

The Directors and Superintendents, in failing to act to protect Plaintiffs from sexual abuse by Scrabeck, failed to provide for Plaintiffs' reasonable safety.

85.

The Directors' and Superintendent's failure to take reasonable available measures, as alleged above, constituted a substantial departure from professional judgment, practice, or standards.

///

Page 21 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 21 of 29

_Verified Correct Copy of Original 4/3/2026._

86.

In so doing, given the history at OYA, the Directors and Superintendents evinced deliberate indifference to Plaintiffs' safety from coerced sexual contact with Scrabeck.

87.

No Defendants took reasonable, appropriate, and legally mandated steps to stop sexual abuse from occurring.

88.

Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover reasonable and necessary attorney fees and costs incurred in the prosecution of this action.

**FOURTH CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Civil Rights Violation**

(Excessive Force – Violation of 8th Amendment)

(Against Defendant Scrabeck)

89.

Plaintiff realleges and incorporates herein paragraphs 1 through 88.

90.

Defendant Scrabeck was working within the course and scope of his employment at the OYA when he engaged in the wrongful conduct alleged above.

91.

Scrabeck was working as a staff member of a youth correctional facility.

92.

Scrabeck was acting under color of state law.

///

Page 22 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 22 of 29

Verified Correct Copy of Original 4/3/2026.

93.

Scrabeck touched Plaintiffs in a sexual manner without penological justification and for the purpose of humiliating, degrading, or demeaning the Plaintiffs.

94.

Scrabeck acted for his own sexual gratification and with malicious and sadistic intent.

95.

Scrabeck's use of excessive and unnecessary sexual force against Plaintiffs proximately caused their injuries.

96.

Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover reasonable and necessary attorney fees and costs incurred in the prosecution of this action.

## FIFTH CLAIM FOR RELIEF

### Sexual Battery of Child – *Respondeat Superior*

(Against Defendant OYA)

97.

Plaintiffs reallege and incorporate herein paragraphs 1 through 96.

98.

While acting in the course and scope of his agency for Defendant OYA, Scrabeck engaged in harmful and offensive touching of Plaintiffs to which Plaintiffs did not or could not consent, including groping and fondling Plaintiffs' buttocks, breasts, and vagina; masturbating in front of certain Plaintiffs; and forcing certain Plaintiffs to masturbate Scrabeck, as set out more specifically above.

///

Page 23 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 23 of 29

Verified Correct Copy of Original 4/3/2026.

99.

Acts within the course and scope of Scrabeck's agency with Defendant OYA led to or resulted in the sexual batteries of Plaintiffs.

100.

As a direct result of Scrabeck's sexual batteries, Plaintiffs have incurred economic and noneconomic damages as set out more fully above. Defendant OYA is vicariously liable for the sexual batteries of Scrabeck. Therefore, Plaintiffs are entitled to compensatory damages from Defendant OYA in an amount to be determined by a jury.

## SIXTH CLAIM FOR RELIEF

### Battery (Direct) under OTCA

(Against Defendant OYA)

101.

Plaintiffs reallege and incorporate herein paragraphs 1 through 100.

102.

While acting in the course and scope of his agency for Defendant OYA, Defendant Scrabeck engaged in harmful and offensive touching of Plaintiffs to which Plaintiffs did not or could not consent, as set out above.

103.

Prior to the last incident of abuse suffered by each Plaintiff, Scrabeck's sustained pattern of sexual abuse of numerous adjudicated youths had been repeatedly reported to (and otherwise came to the attention of) OYA staff and supervisors for years. The extensive information known to OYA about Scrabeck's ongoing and continued sexual abuse of adjudicated by youth is hereinafter referred to as the "Repeated Notice."

Page 24 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone· (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone. (503) 306-0224

Exhibit 1
Page 24 of 29

Verified Correct Copy of Original 4/3/2026.

104.

OYA had the authority to control Scrabeck and protect Plaintiffs. However, despite the Repeated Notice about Scrabeck, OYA refused to take preventative or corrective action to control Scrabeck or protect Plaintiffs. OYA purposefully chose not to investigate reports of sexual abuse by Scrabeck and purposefully did not put in place any safety protections against the sexual abuse by Scrabeck that OYA knew had occurred in the past and would continue to occur if it did not intervene. OYA also ignored the repeated requests of adjudicated youth (including Plaintiffs) for help from OYA—refusing to offer Plaintiffs any support, solutions, protections, or any assistance of any kind with regards to the sexual abuse by Scrabeck. Instead, OYA knowingly allowed Scrabeck's pattern of sexual abuse of adjudicated youth to continue and continued to expose adjudicated youth, including Plaintiffs, to interactions with Scrabeck knowing that these interactions would result in sexual abuse. OYA thereby gave substantial assistance or encouragement to Scrabeck to perpetuate the sexual abuse of adjudicated youth, including Plaintiffs.

105.

In acting as set out in paragraphs above, OYA was aware of, allowed, and condoned sexual abuse of Plaintiffs by Scrabeck. In so doing, OYA acted with intent to cause further harmful or offensive touching or an apprehension among Plaintiffs that harmful or offensive touching would occur. In the alternative, OYA acted with substantial certainty that Plaintiffs would be subjected to harmful or offensive touching (or apprehension of harmful or offensive touching) by not only failing to investigate these reports of sexual assault or battery, but failing to offer Plaintiffs any support, solutions, protections, or any assistance of any kind.

///

Page 25 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 25 of 29

_Verified Correct Copy of Original 4/3/2026._

106.

As a result of OYA's conduct as set out in paragraphs above, Plaintiffs were in fact subjected to Scrabeck's harmful and offensive touching in the form of sexual abuse as set out above. At the time of the sexual abuse of Plaintiffs, there was a special relationship between OYA and Plaintiffs (as minors in the legal and physical custody of OYA and towards whom OYA acted *in loco parentis*). At the time of the sexual abuse of Plaintiffs, there was also a special relationship between OYA and its agent, Defendant Scrabeck.

107.

As a direct result of the battery of Plaintiffs caused by OYA as set out above, Plaintiffs have incurred economic and noneconomic damages as set out more fully above. Therefore, Plaintiffs are entitled to compensatory damages from Defendant OYA in an amount to be determined by a jury.

**SEVENTH CLAIM FOR RELIEF**

**Battery (Direct)**

**(Against Defendant Scrabeck)**

108.

Plaintiffs reallege and incorporate herein paragraphs 1 through 107.

109.

Defendant Scrabeck engaged in harmful and offensive touching of Plaintiffs to which Plaintiffs did not or could not consent, including skin-on-skin groping Plaintiffs' vagina, breasts, and buttocks; forced masturbation by Plaintiffs of Scrabeck; Scrabeck digitally penetrating Plaintiffs' vagina; Scrabeck masturbating himself while watching Plaintiffs, including while Plaintiffs were in the shower; Scrabeck forcing Plaintiffs to engage in oral sex; and sexualized

Page 26 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 26 of 29

Verified Correct Copy of Original 4/3/2026.

commentary from Scrabeck directed to Plaintiffs—all for Scrabeck's sexual gratification (collectively, "the sexual abuse"), as set out more specifically above.

110.

As a direct result of the battery of Plaintiffs perpetrated by Scrabeck as set out above, Plaintiffs have incurred economic and noneconomic damages as set out more fully above. Therefore, Plaintiffs are entitled to compensatory damages in an amount to be determined by a jury.

**NOTICE OF POTENTIAL CONSTITUTIONAL QUESTION**

111.

As to any claim for relief, to the extent that any of the Defendants seek to reduce any compensatory damage verdict in favor of Plaintiffs on the basis of statutory damages limits from former ORS 30.270 (repealed in 2009), Plaintiffs avers that such damages limits are constitutionally inadequate as applied to this case.

**PRAYER FOR RELIEF**

WHEREFORE, each Plaintiff prays for judgment against Defendants as follows:

1.  On the First Claim for Relief for Negligence:

    a)  Economic damages in the amount of $100,000 per Plaintiff;

    b)  Noneconomic damages in the amount of $5,000,000 per Plaintiff; and

    c)  Costs and disbursements incurred herein.

2.  On the Second Claim of for Relief for Civil Rights Violations – 14th Amendment Due Process:

    a)  Economic damages in the amount of $100,000 per Plaintiff;

    b)  Noneconomic damages in the amount of $5,000,000 per Plaintiff;

Page 27 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 27 of 29

Verified Correct Copy of Original 4/3/2026.

    c)  Attorney fees incurred herein pursuant to 42 U.S.C. § 1988;

    d)  Costs and disbursements incurred herein; and

    e)  Any other relief that the Court deems necessary.

3.  On the Third Claim for Relief for Civil Rights Violations – 8th Amendment Cruel and Unusual Punishment (Failure to Protect):

    a)  Economic damages in the amount of $100,000 per Plaintiff;

    b)  Noneconomic damages in the amount of $5,000,000 per Plaintiff; and

    c)  Attorney fees incurred herein pursuant to 42 U.S.C. § 1988;

    d)  Costs and disbursements incurred herein; and

    e)  Any other relief that the Court deems necessary.

4.  On the Fourth Claim for Relief for Civil Rights Violations – 8th Amendment Cruel and Unusual Punishment (Excessive Force):

    a)  Economic damages in the amount of $100,000 per Plaintiff;

    b)  Noneconomic damages in the amount of $5,000,000 per Plaintiff; and

    c)  Attorney fees incurred herein pursuant to 42 U.S.C. § 1988;

    d)  Costs and disbursements incurred herein; and

    e)  Any other relief that the Court deems necessary.

5.  On the Fifth Claim for Relief for Sexual Battery of a Child—*Respondeat Superior*—under OTCA:

    a)  Economic damages in the amount of $100,000 per Plaintiff;

    b)  Noneconomic damages in the amount of $5,000,000 per Plaintiff; and

    c)  Costs and disbursements incurred herein.

6.  On the Sixth Claim for Battery (Direct) under OTCA:

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI ATTORNEYS
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 28 of 29

_Verified Correct Copy of Original 4/3/2026._

    a) Economic damages in the amount of $100,000 per Plaintiff;

    b) Noneconomic damages in the amount of $5,000,000 per Plaintiff; and

    c) Costs and disbursements incurred herein.

7. On the Seventh Claim for Relief for Battery (Direct) against Defendant Scrabeck:

    a) Economic damages in the amount of $100,000 per Plaintiff;

    b) Noneconomic damages in the amount of $5,000,000 per Plaintiff;

    c) Costs and disbursements incurred herein; and

    d) Any other relief the Court deems necessary.

DATED: April 3, 2026.

/s/ Peter Janci
Peter B. Janci, OSB #074249
CREW JANCI ATTORNEYS
9755 SW Barnes Rd., Ste. 430
Portland, OR 97225
Phone: (503) 306-0224

/s/ Paul Galm
Paul C. Galm, OSB #002600
GALM LAW
50 SW Pine St., Ste. 403
Portland, OR 97204
(503) 641-6000

/s/ Kendall M. H. Spinella
Kendall M. H. Spinella, OSB #214446
CREW JANCI ATTORNEYS
9755 SW Barnes Rd., Ste. 430
Portland, OR 97225
Phone: (503) 306-0224

/s/ Matan P. Goodblatt
Matan P. Goodblatt, OSB #220460
CREW JANCI ATTORNEYS
9755 SW Barnes Rd., Ste. 430
Portland, OR 97225
Phone: (503) 306-0224

Page 29 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone· (503) 641-6000

**CREW JANCI ATTORNEYS**
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Phone: (503) 306-0224

Exhibit 1
Page 29 of 29